[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14772

_____

D.C. Docket No. 3:10-cr-00055-MCR-MD-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CECIL ANTHONY DORTCH,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 11, 2012)

Before TJOFLAT and PRYOR, Circuit Judges, and HUCK,* District Judge.

PRYOR, Circuit Judge:

_____

*Honorable Paul C. Huck, United States District Court for the Southern District of
Florida, sitting by designation.

The key issue in this appeal is whether the district court committed plain error by constructively amending an indictment that charged possession of two specific kinds of firearms, a Taurus .45 pistol and an Arminius revolver, by instructing the jury that it could find the defendant guilty of the charges if the government proved beyond a reasonable doubt that he possessed "a firearm." Cecil Anthony Dortch appeals his convictions for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(D); and possession of a firearm in connection with a drug trafficking offense, 18 U.S.C. § 924(c)(1).   Dortch presents three arguments: (1) that the district court erred when it submitted an unredacted indictment that contained references to several of his previous convictions to the jury; (2) that the district court constructively amended the indictment when it instructed the jury that it could convict Dortch of the firearm charges if it found that he possessed any firearm instead of the specific firearms named in the indictment; and (3) that the district court abused its discretion when it refused to admit evidence of a judgment of acquittal on related state charges.  All of Dortch's arguments lack merit.  Any error in submitting the unredacted indictment to the jury was harmless; the district court did not plainly err in its instructions to the jury; and Dortch's acquittal on state charges was inadmissible hearsay.  We affirm Dortch's convictions.

2

## I. BACKGROUND

The indictment charged Dortch with three offenses.  Count one charged that Dortch, "having previously been convicted of crimes punishable by a term of imprisonment exceeding one year, . . . did knowingly possess firearms, that is, a Taurus, Model PT45. .45 caliber pistol and an Arminius revolver [that] had previously been transported in interstate and foreign commerce."  Count one also alleged seven of Dortch's prior felony convictions: (1) a 1975 conviction for possession of heroin, (2) a 1984 conviction for possession of marijuana, (3) a 1987 conviction for possession of marijuana with intent to sell, (4) a 1987 conviction for failure to appear, (5) a 1988 conviction for escape, (6) a 1995 conviction for possession of cocaine, (6) a 2001 conviction for possession of cocaine, and (7) a 2003 conviction for possession of cocaine.  Count two charged that Dortch "on or about April 17, 2009, . . . did knowingly and intentionally possess with intent to distribute a controlled substance . . . and that this offense involved a mixture and substance containing a detectable amount of marajuana [sic]."  Count three charged that Dortch "on or about April 17, 2009, . . . during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possess with intent to distribute marijuana, as charged in Count

3

Two of [the] Indictment, did knowingly use, carry and possess in furtherance thereof, firearms, that is, a Taurus, Model PT45. . 45 caliber pistol and an Arminius revolver . . . ."

At trial, the district court refused to admit into evidence five of the felony convictions because they were either too old or too prejudicial. The district court allowed the government to introduce evidence of the three convictions for possession of cocaine from 1995, 2001, and 2003. Dortch stipulated that he was a convicted felon, and the government presented testimony that Dortch had not had his right to carry a firearm restored.

The government presented evidence that the Police Department in Pensacola, Florida, executed a search warrant at a home containing drugs, tools used for drug distribution, and items that belonged to Dortch. After the police secured the residence, a drug dog entered the house and alerted several times. The front bedroom contained men's clothing, a scale wedged at the end of the bed, a fire safe that contained $8,275 under the bed, six boxes of sandwich bags, a bag of marijuana wrapped in a blanket on top of the bed, mail addressed to Dortch, a digital scale in a chest of drawers, a second bag of marijuana in a dresser, a can that contained cocaine powder, a container of loose marijuana on top of the bed, a third scale in a container, a bottle used to dilute cocaine, cups from Wal-Mart, and

4

a fourth scale.  An agent with the Drug Enforcement Administration testified that the quantity of drugs, the scales, and other items found in the front bedroom were consistent with drug distribution, not mere drug use.  A fingerprint analyst testified that he discovered a fingerprint that belonged to Dortch on one of the scales.

Police officers testified that they found firearms in the bedroom and in other locations in the house.  One officer testified that he found the Taurus pistol and a loaded magazine inside a Girl Scout cookie box in the bedroom.  Another officer testified that he found the Arminius revolver in a set of plastic drawers in the bedroom.  An agent with the Department of Alcohol, Tobacco, and Firearms testified that the two firearms found in the bedroom had traveled in interstate commerce.  A crime scene analyst testified that he swabbed both firearms for DNA, and a crime laboratory analyst testified that there was a 1 in 860 million probability that the DNA found on one of the guns from the front bedroom was not from Dortch.  Another police officer testified that he confiscated a rifle from a common area of the residence and a rifle from the back yard of the residence.

The government presented evidence that Dortch conducted drug sales and stored drugs in a van that he parked in front of the residence.  Leonard Milanesi, one of Dortch's acquaintances, testified that he witnessed a friend buy powder

cocaine from Dortch.  Milanesi stated that he had personally purchased Lortab and powder cocaine from Dortch.  The purchases occurred at the house that was the subject of the search warrant.  Milanesi testified that he had purchased drugs from Dortch four or five times.  Dortch either sold the drugs through the fence or from a van parked in front of the residence.  Milanesi also testified that he had made a controlled buy from Dortch for the police.  A police officer testified that he had found marijuana and cocaine in a white van in front of the residence that was registered to and owned by Dortch.

The government presented evidence that Dortch lived in the bedroom where the two handguns, drugs, and drug distribution materials were found.  After Dortch was arrested, he admitted to Agent Allen Davis of the Department of Alcohol, Tobacco, and Firearms that he lived in the bedroom.  Selina Bell, Dortch's sister, testified that the residence had been owned by their late mother.  Bell testified that the first floor front bedroom belonged to Dortch, and she stated that no one used the front bedroom except Dortch and Ebony Norris, whom Bell described as Dortch's "lady friend."  Bell testified that all of the men's clothing in the room belonged to Dortch.

Dortch neither testified nor presented any evidence in his defense.  Although Dortch attempted to introduce evidence that he had been acquitted of

6

state charges related to the execution of the search warrant, the district court ruled that the judgments of acquittal were inadmissible.

The district court held a charge conference. The government submitted a memorandum to the district court regarding proposed jury instructions in which it recommended that the district court give to the jury the pattern jury instructions for each of the charges without modification. After reviewing the jury instructions, Dortch made no objection. The district court asked Dortch if he would need to review the instructions again with the district court. Dortch stated, "I don't think so, Your Honor."

When the district court instructed the jury about the firearms charges, it did not mention a specific kind of firearm. The district court instructed the jury as follows about the charge of possession of a generic firearm:

> It's a Federal crime for anyone who has been convicted of a felony offense to possess a firearm in or affecting interstate or foreign commerce.

> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

> (1) the Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; and

> (2) before possessing the firearm, the Defendant had been convicted of a felony; that is, a crime punishable by imprisonment for more than one year.

7

And the district court instructed the jury as follows about the charge of

possession of a generic firearm in furtherance of drug trafficking:

> It's a separate Federal crime for anyone to use a firearm in relation to, carry a firearm during and in relation to, or possess a firearm in furtherance of a drug-trafficking crime.
>
> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>
> (1) the Defendant committed the drug-trafficking crime charged in Count two of the indictment;
>
> (2) the Defendant knowingly used, carried, or possessed a firearm; and
>
> (3) the Defendant used or carried the firearm during and in relation to, or possessed the firearm in furtherance of the drug-trafficking crime.

The district court also gave several general instructions, and it instructed the

jury that "[t]he indictment or formal charge against any Defendant is not evidence

of guilt.  Indeed, every Defendant is presumed by the law to be innocent."  The

district court also instructed the jury about the permissible uses of evidence of

prior bad acts, under Federal Rule of Evidence 404(b).

The district court also provided a written copy of the instructions to the jury

for use during their deliberation, and the district court provided a copy of the

unredacted indictment to the jury.  The district court was unaware that the copy of

the indictment that it provided to the jury was unredacted and contained references

8

to the five previous felony convictions that the district court had ruled inadmissible. One of those felony convictions was a 1987 conviction for possession of marijuana with intent to sell that was virtually identical to count two of the indictment.

The jury convicted Dortch on all three counts. Soon after the jury returned its verdict, the clerk of court entered a copy of the jury instructions into the record. After the government notified the district court that the unredacted copy of the indictment had been provided to the jury, Dortch filed a pro se "motion for mistrial," in which he argued that his substantial rights had been prejudiced. The government responded that his substantial rights were unaffected because overwhelming evidence established his guilt at trial.

The district court denied the motion. The district court stated that, because of the limiting instructions and the overwhelming evidence of guilt, any error that might have occurred had no substantial influence on the outcome of the trial. The district court sentenced Dortch to 155 months imprisonment, and Dortch timely appealed.

## II. STANDARDS OF REVIEW

Several standards of review govern this appeal. We review the denial of a motion for a new trial based on the submission of extrinsic material to the jury for

9

abuse of discretion.  United States v. Siegelman, 640 F.3d 1159, 1184 (11th Cir.

2011).  If an error was not preserved, we review for plain error.  United States v.

Lejarde-Rada, 319 F.3d 1288, 1290 (11th Cir. 2003).   We review the evidentiary

rulings of the district court for abuse of discretion.  United States v. Augustin, 661

F.3d 1105, 1123 (11th Cir. 2011).

## III. DISCUSSION

We divide our discussion into three parts.  First, we address Dortch's

argument that the district court abused its discretion when it denied his motion for

a new trial about the unredacted indictment.  Second, we address Dortch's

argument that the district court committed a per se reversible error by

constructively amending his indictment.  Third, we address Dortch's argument that

the district court abused its discretion when it prevented Dortch from introducing

judgments of acquittal from related state charges.

*A. The District Court Did Not Abuse Its Discretion When It Denied Dortch's*
*Motion for a New Trial.*

Dortch argues that he suffered substantial prejudice when the district court

submitted to the jury an unredacted copy of the indictment that referenced several

of his previously undisclosed felony convictions.  The government concedes that

the district court erred when it submitted the unredacted copy of the indictment to

10

the jury, but contends that the error was harmless because there was overwhelming evidence of Dortch's guilt and the district court instructed the jury that the indictment was not evidence of Dortch's guilt.

"When jurors consider extrinsic evidence, a new trial is required if the evidence poses a reasonable possibility of prejudice to the defendant." United States v. Perkins, 748 F.2d 1519, 1533 (11th Cir. 1984). "A defendant who alleges denial of [the right to an impartial jury] resulting from juror exposure to extraneous information has the burden of making a colorable showing that the exposure has, in fact, occurred." Siegelman, 640 F.3d at 1182. "If the defendant does so, prejudice to the defendant is presumed and the burden shifts to the government to show 'that the jurors' consideration of extrinsic evidence was harmless to the defendant.'" Id. (quoting United States v. Ronda, 455 F.3d 1273, 1299 (11th Cir. 2006)). "If the district court concludes the exposure to the extrinsic evidence was harmless to the defendant, on appeal, we review this conclusion for an abuse of discretion." Id. "In doing so, we look at all the circumstances and we consider: (1) the nature of the extrinsic evidence; (2) the manner in which it reached the jury; (3) the factual findings in the district court and the manner of the court's inquiry into the juror issues; and, (4) the strength of the government's case." Id.

11

The government presented an overwhelming case that Dortch possessed a firearm as a convicted felon. Dortch stipulated that he was a convicted felon and the government presented evidence that the handguns found in the front bedroom had traveled in interstate or foreign commerce. The handguns were found in a room that contained Dortch's clothes and mail addressed to him. One of the handguns had Dortch's DNA on it, and a DNA expert testified that the DNA matched Dortch's to a 1 in 860 million probability. Dortch's sister testified that Dortch lived in the bedroom, and Dortch told a DEA agent that he lived in the room. In the light of the compelling physical DNA evidence, the testimony of Dortch's sister, and Dortch's admission that he lived in the room, the government presented an overwhelming case that Dortch possessed a handgun near the date alleged in the indictment.

The government also presented a strong case that Dortch possessed marijuana with intent to distribute it. Dortch admitted that he lived in the room where the marijuana was found, and his sister testified that he lived in the room. His clothes and mail addressed to him were found in the room. Items consistent with drug distribution, such as sandwich bags and two scales, were found in the room. One of the scales had Dortch's fingerprint on it. Milanesi testified that he purchased Lortab and cocaine from Dortch at the residence, and law enforcement

12

officers found marijuana and cocaine in Dortch's van, which was parked in front of the residence.

In addition, the district court instructed the jury both orally and in writing that the indictment, which alleged Dortch's five previously excluded convictions, was not evidence that could be considered to determine Dortch's guilt. We presume that the jury followed these instructions. See United States v. Brazel, 102 F.3d 1120, 1145 (11th Cir. 1997). In the light of the written and oral instructions by the district court to the jury that the indictment was not evidence of guilt and the strength of the evidence against Dortch, any error in the submission of the unredacted indictment to the jury was harmless.

Dortch's reliance on United States v. Coleman, 552 F.3d 853 (D.C. Cir. 2009), is unavailing. In that decision, the District of Columbia Circuit ruled that a defendant convicted of being a felon in possession of a firearm established plain error where the district court read to the jury venire during voir dire an unredacted indictment that contained the defendant's previous conviction for assault with a deadly weapon, the defendant had offered to stipulate that he was a convicted felon, and the evidence against the defendant was weak. Id. at 859–60. As the District of Columbia Circuit explained, the dispute in the evidence regarding possession boiled down to the word of the defendant against the word of a police

13

officer who had changed his story several times.  Id. at 860.  In contrast with the weak case against the defendant in Coleman, the evidence against Dortch was strong.

### B. Even if We Assume that the District Court Constructively Amended the Indictment, Dortch Cannot Establish that the Error Was Plain.

The Fifth Amendment to the United States Constitution provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."  A fundamental principle stemming from the Fifth Amendment is that a defendant can be convicted only for a crime charged in the indictment.  United States v. Figueroa, 666 F.2d 1375, 1379 (11th Cir. 1982).  An indictment is constructively amended "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment."  United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990).

Dortch argues that the district court constructively amended his indictment because the district court failed to instruct the jury that it could convict Dortch of the charges of possession only if it found beyond a reasonable doubt that Dortch possessed the two specific firearms described in counts one and two of the indictment.  The indictment charged Dortch with possessing "firearms, that is, a

14

Taurus, Model PT45. .45 caliber pistol and an Arminius revolver," and at trial the government introduced evidence about four firearms, the two handguns found in the front bedroom and the two rifles found elsewhere in the residence. But the district court instructed the jury that it could convict Dortch if it found that he possessed "a firearm." Dortch argues that a constructive amendment amounts to a per se reversible error.

The government argues that no constructive amendment occurred, and that Dortch invited any error or, alternatively, that there was no plain error. The government maintains that, under review for plain error, any error did not affect Dortch's substantial rights nor seriously affect the fairness, integrity, or public reputation of his judicial proceedings.

Dortch did not invite any error concerning the jury instructions. "[W]hen a party agrees with a court's proposed instructions, the doctrine of invited error applies, meaning that review is waived even if plain error would result." United States v. Frank, 599 F.3d 1221, 1240 (11th Cir. 2010). The parties do not dispute that Dortch did not object to the proposed jury instructions, but failing to object does not trigger the doctrine of invited error. The district court asked Dortch if he would need to review the instructions again with the district court at a later time, and Dortch stated, "I don't think so, Your Honor." In the light of Dortch's

15

ambiguous statement to the district court, the doctrine of invited error does not apply. We instead review for plain error.

We need not address whether a constructive amendment amounts to a per se reversible error when the defendant fails to object at trial because, even if we assume that the district court erred, the error was not plain. Under the plain-error standard, we will not correct an error raised for the first time on appeal unless there is an error that is plain; that affects substantial rights; and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Langford, 647 F.3d 1309, 1325 n.11 (11th Cir. 2011). "For a plain error to have occurred, the error must be one that is obvious and is clear under current law." United States v. Carruth, 528 F.3d 845, 846 n.1 (11th Cir. 2008). An error is not obvious and clear when "[n]o Supreme Court decision squarely supports" the defendant's argument, "other circuits . . . are split" regarding the resolution of the defendant's argument, and "we have never resolved the issue." See United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999).

No Supreme Court precedent or precedent of this Court squarely supports Dortch's argument. Dortch fails to cite any controlling authority that a district court constructively amends an indictment that alleges possession of particular firearms by instructing the jury that it may convict for possession of any firearm.

16

And our sister circuits are split regarding whether a district court constructively amends an indictment in this circumstance. In United States v. Leichtnam, 948 F.2d 370 (7th Cir. 1991), the Seventh Circuit ruled that an indictment that charged the defendant with "knowingly us[ing] and carry[ing] a firearm: to wit, a Mossberg rifle" was constructively amended when the district court instructed the jury that it could convict the defendant if it found that he knowingly used "a firearm," id. at 379 (alterations added), but at least three other circuits have disagreed with the Seventh Circuit. For example, in United States v. McIntosh, 23 F.3d 1454 (8th Cir. 1994), the Eight Circuit ruled that an indictment that charged the defendant with using an "Arminius Western Star .357 magnum revolver" was not constructively amended when the district court instructed the jury that it could convict on the basis of any firearm because "the specific type of firearm is not an element of the offense." Id. at 1457. In United States v. Hamilton, 992 F.2d 1126 (10th Cir. 1993), the Tenth Circuit ruled that "the government merely had to produce evidence at trial from which the jury could find beyond a reasonable doubt that Defendant had used a firearm during the robbery and was not required to prove that the firearm was a .38 caliber revolver," as alleged in the indictment. Id. at 1130. And in United States v. Robison, 904 F.2d 365 (6th Cir. 1990), the Sixth Circuit ruled that "the specific type of firearm used or possessed by the

17

conspirator is not an essential element of the crime." Id. at 369.

Contrary to the argument of the government, our decision in United States v. Williams, 334 F.3d 1228, 1231–32 (11th Cir. 2003), does not resolve this issue. Our decision in Williams was limited to the underlying facts of that appeal: the defendant argued that his sentence could not be enhanced for discharging a firearm that was not described in the indictment. The defendant was charged with violating section 924(c)(1)(A) when he used or carried "a firearm, that is a handgun" during the commission of a robbery of a credit union and when he "aid[ed] and abet[ted] the using and carrying of a firearm, that is, a handgun." Id. at 1231. The defendant was convicted and the district court applied the ten-year mandatory minimum found in section 924(c)(1)(A)(iii), which states that if "the firearm is discharged" during the underlying crime, the defendant must be sentenced to not less than ten years. Id. The district court applied the ten-year mandatory minimum because one of the accomplices of the defendant discharged an AK-47 during the robbery. Id. at 1230–31. Although the defendant did not challenge his conviction on appeal, he challenged his sentence on the ground that the indictment was fatally flawed for specifying that his accomplice had used and carried a handgun, as opposed to the AK-47 that the accomplice had discharged. Id. at 1231. We ruled that the inclusion of the term "a handgun" was "mere

18

surplusage" because "[t]he United States Supreme Court [had] recently made clear [in Harris v. United States, 536 U.S. 545, 122 S. Ct. 2406 (2002)] that 18 U.S.C. § 924(c)(1)(A) does not specify elements of a crime which must be charged in an indictment." Williams, 334 F.3d at 1231. Section 924(c)(1)(A) makes it a crime to possess a firearm in furtherance of a crime of violence or a drug trafficking crime. The elements of that crime are stated in the opening paragraph of the statute and must be alleged in an indictment, under the Fifth Amendment, for the government to secure a conviction. Because the Supreme Court ruled in Harris that brandishing and discharging are sentencing elements that do not need to be alleged in the indictment, the district court could enhance the sentence because a firearm other than the one alleged in the indictment was discharged during a crime of violence or a drug trafficking crime. We expressed no opinion in Williams whether a district court constructively amends an indictment involving charges of possession of firearms when the indictment describes particular firearms, but the district court instructs the jury that it may convict based on evidence of possession of any firearm.

In the absence of any controlling precedent about this issue, "we conclude [that] the district court's alleged error is not 'obvious' or 'clear under current law.'" Humphrey, 164 F.3d at 588. "Without a 'plain' error, we lack authority to

19

reverse the district court." Id. (citing United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993). Dortch's argument fails.

### C. Dortch's Judgment of Acquittal Was Inadmissible.

Dortch argues that the district court abused its discretion when it ruled that Dortch was not allowed to introduce evidence that he was acquitted of state charges brought against him in connection with Milanesi's controlled purchase of Lortabs from Dortch. Dortch reasons that, because the government introduced evidence relating to the controlled purchase, he should have been permitted to introduce evidence that he was acquitted of charges based on that conduct. We disagree.

"Judgments of acquittal are hearsay." United States v. Irvin, 787 F.2d 1506, 1516 (11th Cir. 1986). "Unlike judgments of conviction, which may be admitted under Rule 803(22) of the Federal Rules of Evidence for some purposes, and used for impeachment under Rule 609, judgments of acquittal are not covered by an exception to the rule against admission of hearsay." Id. at 1516–17 (citing Fed. R. Evid. 801 & 802). Obviously, the district court did not abuse its discretion when it excluded inadmissible evidence.

## IV. CONCLUSION

We **AFFIRM** Dortch's convictions.