[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12172
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00208-ACC-KRS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVE PROPHETE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 19, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Steve Prophete appeals his convictions for one count of conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. §§ 1343, 1344, and 1349, six counts of bank fraud, in violation of 18 U.S.C. §§ 2 and 1344, and one count of making a fraudulent statement, in violation of 18 U.S.C. § 1001(a)(2). Before trial, Prophete sought to exclude evidence that he had recently attempted fraud of a similar nature -- involving the deposit of a fraudulent check into two SunTrust bank accounts, and quickly withdrawing the funds before the fraud was discovered (the "SunTrust Evidence") -- with one of his current co-conspirators. The court ruled that the evidence was admissible either as evidence inextricably intertwined with the charged offenses or as Fed.R.Evid. 404(b) evidence. On appeal, Prophete argues that: (1) the district court erred by admitting the SunTrust evidence; and (2) the district court constructively amended the indictment when it admitted the SunTrust evidence. After thorough review, we affirm.

Ordinarily, we review a district court's evidentiary rulings, including the admissibility of evidence under Rule 404(b), for abuse of discretion. United States v. Brown, 665 F.3d 1239, 1247 (11th Cir. 2011). When a defendant objects to Rule 404(b) evidence through a pretrial motion in limine, but does not renew his objection when the evidence is presented at trial, our review is for plain error because he has not preserved the objection for appeal. Id. Similarly, while we normally review a constitutional issue de novo, United States v. Williams, 527

2

F.3d 1235, 1239 (11th Cir. 2008), we review an unpreserved claim only for plain error, United States v. Dortch, 696 F.3d 1104, 1110-12 (11th Cir. 2012) (reviewing a constructive-amendment argument for plain error where the defendant did not object to the challenged jury instruction that purportedly broadened the bases for the defendant's conviction). To establish plain error, a defendant must show (1) an error, (2) that is plain, and (3) that affects substantial rights. Brown, 655 F.3d at 1247 n.3. If that showing is met, we may grant relief only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id.

First, we disagree with Prophete's claim that the district erred by admitting the SunTrust Evidence. We recognize that under Rule 404(b), extrinsic evidence of a prior bad act is not admissible as proof of a defendant's character or to show that a specific action is in conformity with that character. Fed.R.Evid. 404(b). However, this evidence is admissible for other purposes, like proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id. Evidence of prior bad acts may be admitted if: (1) the evidence is relevant to an issue other than the defendant's character, (2) the government offers sufficient proof so that the jury could find the defendant committed the past act by a preponderance of the evidence, and (3) the probative value of the evidence is not substantially outweighed by undue prejudice and must satisfy Fed.R.Evid. 403. United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007).

Extrinsic evidence is relevant "where the state of mind required for the charged and extrinsic offenses is the same." Id. at 1345; see also United States v. McNair, 605 F.3d 1152, 1203 (11th Cir. 2010) ("[I]n every conspiracy case, a not guilty plea renders the defendant's intent a material issue. Evidence of such extrinsic evidence as may be probative of a defendant's state of mind is admissible unless the defendant affirmatively takes the issue of intent out of the case."). The uncorroborated word of an accomplice that the defendant committed the extrinsic acts can provide sufficient proof of the defendant's commission of the acts. United States v. Bowe, 221 F.3d 1183, 1192 (11th Cir. 2000). For the third prong of the Rule 404(b) analysis, "[f]actors to be considered include whether it appeared at the commencement of trial that the defendant would contest the issue of intent, the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses." Edouard, 485 F.3d at 1345.

Rule 404(b) does not apply to uncharged conduct that is considered intrinsic, including conduct that arose out of the same transaction or series of transactions as the charged offense, conduct that is necessary to complete the story of the crime, or conduct that is "inextricably intertwined" with the charged offense. Id. at 1344. Evidence is inextricably intertwined when "it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." Id. (quotation omitted).

4

Under Fed.R.Evid. 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." However, "Rule 403 is an extraordinary remedy, which should be used only sparingly, and the balance should be struck in favor of admissibility." Edouard, 485 F.3d at 1344 n.8 (quotations and alterations omitted). A limiting instruction can diminish any unfair prejudice caused by the evidence's admission. Brown, 665 F.3d at 1247.

Here, the district court's decision to admit the SunTrust Evidence was not plain error -- the standard we must use since Prophete did not object to this evidence when it was introduced at trial -- because the evidence was admissible as intrinsic evidence inextricably intertwined with evidence of the charged bank fraud offenses. The SunTrust Evidence described Prophete's participation in a similar scheme of bank fraud, with one of the same co-conspirators. Furthermore, it explained why Prophete was recruited to join the conspiracy. Thus, the evidence formed "an integral and natural part of the witness's accounts of the circumstances surrounding the offenses" for which Prophete was indicted. See Edouard, 485 F.3d at 1344. We also add that the SunTrust Evidence was alternatively admissible under Rule 404(b) because it showed Prophete's intent and his knowledge of the scheme and it met the three-part test for admissibility. See Fed.R.Evid. 404(b); Edouard, 485 F.3d at 1344.

5

Moreover, the probative value of the evidence was not substantially outweighed by unfair prejudice. See Edouard, 485 F.3d at 1344. As the record shows, the SunTrust evidence was highly probative of Prophete's fraudulent intent, which he put at issue throughout the proceedings. See id. at 1345. And although the SunTrust fraud attempt involved a physical transaction instead of wire fraud, the circumstances of that act and those of the charged offenses both include setting up a bank account, creating fraudulent checks from other bank accounts, and depositing those fraudulent checks into the original account. Temporally, the extrinsic act occurred less than two years before the charged offenses, and, thus, was not too remote for proper consideration. See id. at 1345-46 (holding that a two-year time span did not render the extrinsic acts too remote).

Further, any unfair prejudice that may have existed was mitigated by the limiting instruction the district court gave to the jury. The instruction provided that the jury was not to rely on the Rule 404(b) evidence as evidence that Prophete committed the charged crimes and that Prophete was only on trial for the crimes charged in the indictment. Brown, 665 F.3d at 1247. Additionally, the jury acquitted Prophete on one substantive bank fraud count, while convicting him on the others, which demonstrates that the jury was not confused and could segregate the Rule 404(b) evidence from other evidence. See McNair, 605 F.3d at 1205.

6

We also reject Prophete's argument that the district court constructively amended the indictment. It is true that a defendant cannot be tried on charges that are not made against him in the indictment, and when the evidence at trial or the court's jury instructions deviate from what is alleged in the indictment, either a constructive amendment or a variance can arise. United States v. Flynt, 15 F.3d 1002, 1005 (11th Cir. 1994). A constructive amendment occurs "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." United States v. Narog, 372 F.3d 1243, 1247 (11th Cir. 2004) (quotation omitted). The indictment can be expanded, either literally or in effect, by the prosecutor's actions or the court's instructions. United States v. Behety, 32 F.3d 503, 508-09 (11th Cir. 1994) (citation omitted). A constructive amendment "is per se reversible error." Narog, 372 F.3d at 1247. We have said that evidence that was properly admitted as intrinsic to the charged offenses does not impermissibly broaden the indictment to include other crimes. United States v. Lehder-Rivas, 955 F.2d 1510, 1519 n.5 (11th Cir. 1992).

On the other hand, a "variance occurs when the facts proved at trial deviate from the facts contained in the indictment but the essential elements of the offense are the same." Narog, 372 F.3d at 1247 (quotation omitted). The allegations in the indictment and proof at trial must correspond so that the defendant may present a

7

defense and is protected against a subsequent prosecution for the same offense. United States v. Reed, 887 F.2d 1398, 1403 (11th Cir. 1989). Unlike a constructive amendment, a variance requires reversal only when the defendant can establish that his rights were substantially prejudiced. Narog, 372 F.3d at 1247.

In this case, we must review the constructive amendment issue for plain error -- since Prophete did not object to the admission of the SunTrust Evidence at trial or argue in the district court that the evidence constituted a constructive amendment to the indictment or that it broadened the possible bases on which he could be convicted -- and find none. Although an indictment may not be constructively amended by presenting evidence of uncharged offenses, there are many instances in which evidence of uncharged offenses is properly admitted in a criminal trial. Relevant to this appeal, Rule 404(b) allows evidence of prior extrinsic bad acts to prove intent or knowledge, and, additionally, evidence of uncharged offenses that are intrinsic to the charged conduct is admissible. See Fed.R.Evid. 404(b); Edouard, 485 F.3d at 1344. These types of evidence, properly offered to prove guilt of the charged offense, do not broaden the possible bases for a conviction, and, thus, do not constructively amend the indictment. See Narog, 372 F.3d at 1247-48; Lehder-Rivas, 955 F.2d 1510, 1519 n.5. Because, as we've concluded above, the SunTrust Evidence was properly admissible, its admission,

8

and the government's reliance on those facts to support its case, did not cause a constructive amendment of the indictment.[1]

**AFFIRMED.**

---

[1]     Finally, to the extent Prophete is actually arguing a variance issue, he did not raise it in his initial brief on appeal, and, thus, this issue is waived.  See United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004) ("[I]ssues not raised by a defendant in his initial brief on appeal are deemed waived.").