[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12182
_____

D.C. Docket No. 1:08-cv-00155-KD-N

EARATON ADAMS,
MYRON BARNES,
JERMEL MATTHEWS,
JERMAINE ROBERSON,
CHARLES L. STILLS, III,
BEVERLY THOMAS,
GEORGE WELLS,
CARLOS JOHNSON,

Plaintiffs-Appellants,

ROBERT ADAMS, et al.,

Plaintiffs,

versus

AUSTAL, U.S.A., L.L.C.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

(June 17, 2014)

Before PRYOR and COX, Circuit Judges, and ROSENTHAL,[*] District Judge.

PER CURIAM:

Twenty-three current and past employees filed suit against Austal USA, LLC ("Austal") alleging—among other claims—that Austal discriminated against them in violation of Title VII by creating a racially hostile work environment. After extensive proceedings in the district court,[1] including three trials, this case has come before us in four different appeals, two of which are contemporaneous with this appeal.[2] This appeal involves eight plaintiffs who appeal the verdicts in favor of Austal from the second and third trials. The Plaintiffs raise a litany of alleged errors. After careful consideration, and with the benefit of oral argument, we affirm.

## I. Issues Presented

The Plaintiffs present six issues for review. First, the Plaintiffs contend the district court erred by limiting the amount of "me too" evidence they could present in their case in chief. Second, they contend that the district court erred in denying their motions for a new trial and judgment as a matter of law because the jury

---

[*] Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

[1] For a more extensive description of the case, *see Adams et al. v. Austal USA L.L.C.*, No. 12-11507, __ F.3d ___ (11th Cir. June 17, 2014).

[2] *See* Appendix I, *infra* for a complete chart of the various appeals arising out of this case.

2

verdicts were against the great weight of the evidence.  Third, they contend that the district court erred by allowing Austal to present a *Faragher* defense.  Fourth, they contend that the district court erred by rejecting the Plaintiffs' *Batson* challenge in Jury Trial Three.  Fifth, they contend that the district court erred by allowing Austal to present the Johnson Recording as evidence.  Sixth, they contend that the district court erred by denying the Plaintiffs' motion for a mistrial.

## II. Standards of Review

This case implicates two standards of review.  The district court's rulings on the evidence, new trial, *Faragher* defense waiver, and mistrial motions are reviewed for an abuse of discretion.  *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1312 (11th Cir. 2013) (reviewing ruling motion for a new trial for an abuse of discretion); *United States v. Dortch*, 696 F.3d 1104, 1110 (11th Cir. 2012) (reviewing evidentiary rulings for an abuse of discretion); *Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1355 (11th Cir. 2007) (reviewing ruling on waiver of an affirmative defense for an abuse of discretion); *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000) (reviewing ruling on motion for a mistrial for an abuse of discretion). The district court's ruling on the Plaintiffs' *Batson* challenge is reviewed for clear error.  *United States v. Houston*, 456 F.3d 1328, 1334 (11th Cir. 2006).

3

### III. Discussion

**A. The district court properly limited "me too" evidence.**

The Plaintiffs contend that the district court erred by precluding the admission of "me too" evidence in their case-in-chief. We have considered a substantially similar argument in a related opinion in this case. *See Adams, et al. v. Austal USA, L.L.C.*, No. 12-11507, ___ F.3d ___, Part III.B.1.a (11th Cir. June 17, 2014). For the reasons expressed in our opinion in that case, we find no error , much less an abuse of discretion, in the district court's order.

**B. The jury verdicts were not against the great weight of the evidence.**

The Plaintiffs contend that the district court erred by denying the Plaintiffs' motions for a new trial in Jury Trial Two and Jury Trial Three on the basis that the jury verdicts were against the great weight of the evidence. Austal responds that the verdicts were amply supported because of the evidence Austal presented at trial and the Plaintiffs' lack of credibility.

"We review a district court's denial of a motion for a new trial for an abuse of discretion." *Lamonica*, 711 F.3d at 1312. New trials will not be granted on evidentiary grounds unless "the verdict is against the great—not merely the greater—weight of the evidence." *Id.* at 1312–13 (citations omitted). This standard requires a movant to show not only that some evidence opposes the verdict, but that the evidence against the verdict greatly outweighs evidence

4

supporting the verdict.  Thus, in order to properly state this claim, a movant must analyze both evidence supporting and opposing the verdict to show that the great weight of the evidence is against the verdict.

On this appeal, the Plaintiffs make the conclusory allegation that "the jury's verdict as to the plaintiffs' claims was against the great weight of the evidence," but the Plaintiffs fail to analyze the evidence that was presented supporting the juries' verdicts.  Notably, the Plaintiffs argument fails to analyze either Austal's *Faragher* defense or the impeachment evidence Austal presented at trial.  And, the Plaintiffs fail to properly discuss the evidence opposing the verdict.  The majority of the Plaintiffs' argument fails to cite to the record—in direct violation of Federal Rules of Appellate Procedure 28(a)(9)(A) and Eleventh Circuit Rule 28-1(I).  Instead, the Plaintiffs cite as authority their own statement of the facts.  We have previously warned litigants that "failure to comply with Rule 28(a)(9)(A) of the Federal Rules of Appellate Procedure may result in waiver or abandonment of issues on appeal."  *See Mendoza v. U.S. Attorney Gen.*, 327 F.3d 1283, 1286 n.4 (11th Cir. 2003) (citing *Flanigan's Enters., Inc. of Ga. v. Fulton Cnty., Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001)).

Accordingly, the Plaintiffs' violation of Rule 28(a)(9)(A) has waived this argument. Even assuming *arguendo* that the argument had not been waived, we find no merit in the Plaintiffs' argument.

## C. The District Court properly decided that the *Faragher* defense was not waived.

The Plaintiffs contend that Austal waived its *Faragher* defense by failing to assert the defense in its answer to the complaint. We have considered a substantially similar argument in a related opinion in this case. *See Adams et al. v. Austal USA L.L.C.*, No. 12-11507, ___ F.3d ___, Part III.B.1.b (11th Cir. June 17, 2014). For the reasons expressed in that opinion, we find no error in the district court's order.

## D. The district court did not clearly err by rejecting the Plaintiffs' *Batson* challenge.

The Plaintiffs[3] contend that Austal failed to provide a race-neutral reason for any of its three jury strikes against African Americans in Jury Trial Three. Austal responds that it provided legitimate, race-neutral reasons for each jury strike.

We review the district court's decision denying a *Batson* challenge for clear error. *Houston*, 456 F.3d at 1334. Under the *Batson* burden-shifting framework,

---

[3] While all Plaintiffs appeal on this issue, the Plaintiffs' brief specifically challenges only the "7 Plaintiff trial," which is Jury Trial Three. Accordingly, Plaintiff Beverly Thomas, who was a party in Jury Trial Two, does not have standing to appeal on this issue.

"[f]irst, the [challenger] must establish a prima facie case to raise the inference of discriminatory intent. Once the prima facie case is established, the [striking party] may rebut the inference by articulating legitimate, race-neutral reasons for its exercise of its peremptory strikes. After the [striking party] articulates such reasons, the court must evaluate the credibility of the stated justifications based on the evidence placed before it." *Houston*, 456 F.3d at 1335.

After the district court found that the Plaintiffs had made a prima facie case suggesting discriminatory intent, Austal provided multiple race-neutral reasons for striking the jurors. First, Austal explained that Juror 29 was struck because Juror 29: (1) was friends with Plaintiff Carolyn Slay on Facebook; (2) was a convicted felon and refused to discuss the nature of his crime; (3) concealed information about his employment; (4) was a defendant in child support matters which Austal believed showed irresponsibility; and (5) worked on a dock similar to the employment of the Plaintiffs. Second, Austal struck Juror 33 because he: (1) was a retired pipefitter similar to the employment of the Plaintiffs; (2) was sued by Alabama for overpayment of unemployment benefits which Austal thought weakened its impeachment evidence; and (3) did not disclose collection actions against him. Third, Austal struck juror 41 because: (1) she thought the employer was obligated to guarantee a discrimination and harassment-free workplace; (2) her

7

brother was convicted of murder, which Austal thought weakened its impeachment evidence; (3) her sister had drug problems, which Austal thought weakened its impeachment evidence; and (4) she received welfare showing that she accepted government entitlements.

Accordingly, the Plaintiffs' argument that Austal failed to provide any race-neutral justifications for its preemptory challenges is meritless.  The district court did not clearly err in rejecting the Plaintiffs' *Batson* challenges.

**E. The district court did not err by admitting the Johnson Recording into evidence.**

The Plaintiffs contend that the district court erred by admitting the Johnson Recording into evidence since it is substantially more prejudicial than probative. Austal responds that this objection has been waived.

"We review the district court's evidentiary rulings for an abuse of discretion." *Dortch*, 696 F.3d at 1110.  A Rule 403 objection is only preserved if it is timely and provides the specific grounds for objection.  *Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir. 1985).  While the Plaintiffs argued the Johnson Recording required a mistrial, they never argued that the recording was inadmissible nor that it was substantially more unfairly prejudicial than probative. This general allegation of some problem with the proffered evidence is insufficient to preserve a Rule 403 challenge.

8

Accordingly, the Plaintiffs have waived review of this issue by failing to timely make a specific objection.

## F. The district court did not err by denying the Plaintiffs' motion for a mistrial.

The Plaintiffs contend that the district court should have granted their motion for a mistrial because the district court admitted evidence allegedly procured by an ethical violation and because Austal's attorneys allegedly violated the district court's orders.[4] Austal responds that its counsel did not violate any ethics rules or district court orders.

"We review a district court's decision on a motion for mistrial for abuse of discretion." *Frederick*, 205 F.3d at 1285. In the Eleventh Circuit, "[a] state rule of professional conduct cannot provide an adequate basis for a federal court to suppress evidence that is otherwise admissible." *United States v. Lowery*, 166 F.3d 1119, 1124 (11th Cir. 1999).

Since the alleged violation of a state rule of professional conduct cannot provide an adequate basis for suppressing evidence, the district court's decision to allow the Johnson Recording cannot merit a mistrial. Additionally, after reviewing

---

[4] We feel obligated to note that no evidence in the record suggests that Austal violated any ethics rules. And, the Alabama State Bar dismissed all ethics complaints made by the Plaintiffs' attorneys.

9

the record we find no evidence that Austal's attorneys failed to comply with the district court's orders.

Accordingly, the district court did not err by denying the Plaintiffs' motion for a mistrial.

## VI. Conclusion

We find no merit to the Plaintiffs' contentions.  Accordingly, we affirm.

**AFFIRMED.**

**Appendix I**

| Plaintiff | Procedural Posture | Trial | Merits Case on Appeal | Fees Case on Appeal |
|---|---|---|---|---|
| 1. Earton Adams | The district court denied Austal's summary judgment motion. These plaintiffs went to three different trials and received verdicts for Austal. They moved for judgment as a matter of law or a new trial. The motions were denied. They appeal. | Trial 1 & 3 | 12-12182 | 12-11983 |
| 2. Myron Barnes | | Trial 1 & 3 | 12-12182 | 12-11983 |
| 3. Carlos Johnson | | Trial 1 & 3 | 12-12182 | 12-11983 |
| 4. Beverly Thomas | | Trial 2 | 12-12182 | 12-11983 |
| 5. Charles Stills | | Trial 3 | 12-12182 | 12-11983 |
| 6. Jermain Roberson | | Trial 3 | 12-12182 | 12-11983 |
| 7. George Wells | | Trial 3 | 12-12182 | 12-11983 |
| 8. Jermel Matthews | | Trial 3 | 12-12182 | 12-11983 |
| 9. Frederick Carter | | Trial 1 | 12-11507 | 12-11983 |
| 10. Sidney Hedgeman | | Trial 1 | 12-11507 | 12-11983 |
| 11. Robert Adams | The district court granted Austal's summary judgment motion on all claims. These plaintiffs appeal. | N/A | 12-11507 | 12-11983 |
| 12. Nelson Bumpers | | N/A | 12-11507 | 12-11983 |
| 13. Alvin Cunningham | | N/A | 12-11507 | 12-11983 |
| 14. Tesha Hollis | | N/A | 12-11507 | 12-11983 |
| 15. Ron Law | | N/A | 12-11507 | 12-11983 |
| 16. Jerome Pettibone | | N/A | 12-11507 | 12-11983 |
| 17. Rahman Pratt | | N/A | 12-11507 | 12-11983 |
| 18. Nathaniel Reed | | N/A | 12-11507 | 12-11983 |
| 19. Carolyn Slay | | N/A | 12-11507 | 12-11983 |
| 20. Franklin Thomas | | N/A | 12-11507 | 12-11983 |
| 21. Frederick Williams | | N/A | 12-11507 | 12-11983 |
| 22. Larry Laffiette | | N/A | 12-11507 | 12-11983 |
| 23. Gloria Sullivan | | N/A | 12-11507 | 12-11722 |

11