[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10910
Non-Argument Calendar

_____

D.C. Docket No. 9:17-cr-80200-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CASTRO FLORES-REDONDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 20, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Flores-Redondo appeals his 21-month sentence, imposed at the high end of the guideline range, for illegal reentry after being previously removed under 8 U.S.C. § 1326(a).  On appeal, Flores-Redondo argues that the district court committed plain error when it failed to personally inform him, during his sentencing hearing, that he had a right to allocution.  The government concedes that the court committed plain error.

We review the district court's denial of a defendant's right to allocution under the plain error standard when the defendant did not object at sentencing. *United States v. George*, 872 F.3d 1197, 1206–07 (11th Cir. 2017).  Under plain error review, the defendant must show (1) an error (2) that was plain and (3) affected the defendant's substantial rights.  *United States v. Olano*, 507 U.S. 725, 732–36 (1993).  An error is not plain unless it is obvious and clear under current law.  *United States v. Dortch*, 696 F.3d 1104, 1114 (11th Cir. 2012).  When these factors are met, we may exercise our discretion and correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Olano*, 507 U.S. at 736 (quotations and alteration omitted).  Under the prior panel precedent rule, this Court is bound to follow its binding precedent unless it is overruled by the Court sitting *en banc* or by the Supreme Court.  *United States v. Vega–Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

2

Under Fed. R. Crim. P. 32(i)(4)(A)(ii), the district court must, during sentencing, "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii).

We have found plain error in cases where the district court failed to personally address the defendant regarding his right to allocution and instead addressed the defendant's attorney. *United States v. Perez*, 661 F.3d 568, 584–86 (11th Cir. 2011); *United States v. Machado*, 886 F.3d 1070, 1086–87 (11th Cir. 2018). In *Perez*, we held that the district court committed plain error when it directed the question, "will the defendant be allocuting?" to the defendant's attorney, rather than the defendant himself. *Perez*, 661 F.3d at 584. Similarly, in *Machado*, we determined that the court committed plain error when it asked counsel if Machado wished to allocute, and counsel, without conferring with Machado, declined allocution. *Machado*, 886 F.3d at 1087. Further, we have found prejudice where the defendant was not afforded the right to allocution and was not sentenced at the low end of his advisory guideline range. *Machado*, 886 F.3d at 1087; *Perez*, 661 F.3d at 586. Finally, when the defendant shows prejudice, we presume that the defendant also satisfies the final element of the plain error standard, because "allocution plays a central role in the sentencing

3

process." *United States v. Doyle*, 857 F.3d 1115, 1118 (11th Cir. 2017); *Perez*, 661 F.3d at 586 (quotations omitted).

The district court plainly erred when it failed to personally address Flores-Redondo and inform him of his right to allocution. *George*, 872 F.3d at 1206–07; *Olano*, 507 U.S. at 732–36. Specifically, the court committed an error that was plain when it (1) only spoke to defense counsel regarding allocution, and (2) defense counsel stated that Flores-Redondo had waived his right to allocution. *Machado*, 886 F.3d at 1087; *Vega–Castillo*, 540 F.3d at 1236. Further, Flores-Redondo was prejudiced by this error, because he was not afforded the right to allocution, and he was sentenced at the high end of the guideline range. *Perez*, 661 F.3d at 586; *Machado*, 886 F.3d at 1087. Finally, because the first three elements of the plain-error test are met, we presume that the court's plain error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (quotations and alteration omitted); *Doyle*, 857 F.3d at 1118. Accordingly, the district court committed plain error when it failed to personally address Flores-Redondo regarding his right to allocution, and we vacate and remand for allocution and resentencing.

**VACATED AND REMANDED.**