[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13245
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00116-TFM-MU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 8, 2020)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Darrell Johnson appeals his convictions and sentences for conspiring to possess with intent to distribute and manufacture methamphetamine, in violation of 21 U.S.C. § 841(a)(1); knowingly possessing with the intent to distribute methamphetamine, in violation of § 841(a)(1); and felony possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Johnson first argues that the evidence of a conspiracy introduced at trial only supported a conspiracy from 2017 onward, and therefore materially and prejudicially varied from the conspiracy alleged in his superseding indictment, which alleged a conspiracy from 2012 onward.  Second, he contends that the district court's jury instructions constructively amended the conspiracy charge in the superseding indictment.  More specifically, he claims that the court instructed the jury only that it was unlawful to possess methamphetamine and that methamphetamine was a controlled substance, but did not apprise the jury of how to find the precise drug type— "methamphetamine (actual)"—and quantity.  We disagree and affirm his convictions and sentences.  For ease of reference, we address each point in turn.

## I.

Normally, we review a claim of constitutional error de novo.  *United States v. Williams*, 527 F.3d 1235, 1239 (11th Cir. 2008).  However, if an error is not preserved, we review only for plain error.  *United States v. Dortch*, 696 F.3d 1104, 1110-12 (11th Cir. 2012).  To prevail under plain error review, the party must

2

show: (1) there was an error; (2) that was plain or obvious; (3) that affected the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012).

A fundamental principle derived from the Fifth Amendment is that "a defendant can only be convicted for a crime charged in the indictment" because "[i]t would be fundamentally unfair to convict a defendant on charges of which he had no notice." *United States v. Keller*, 916 F.2d 628, 632–33 (11th Cir. 1990). "When the evidence at trial or the court's jury instructions deviate from what is alleged in the indictment, two distinct problems can arise—constructive amendment or variance." *United States v. Flynt*, 15 F.3d 1002, 1005 (11th Cir. 1994) (per curiam).

"A variance occurs when the facts proved at trial deviate from the facts contained in the indictment but the essential elements of the offense are the same." *Keller*, 916 F.2d at 634. A variance requires reversal only if the variance between the charged conspiracy and the evidence presented at trial is material, and the material variance prejudiced the defendant. *See United States v. Richardson*, 532 F.3d 1279, 1284 (11th Cir. 2008). "Prejudice generally is measured in terms of whether the defendants were deprived of fair notice of the crimes for which they

3

were being tried, and whether the spillover of the proof of other crimes prejudiced them." *United States v. Glinton*, 154 F.3d 1245, 1252 (11th Cir. 1998).

To determine whether there was a material variance between the indictment and the evidence introduced at trial, the test is whether, viewing the evidence in the light most favorable to the government, a reasonable trier of fact could have found that a single conspiracy existed beyond a reasonable doubt. *Richardson*, 532 F.3d at 1284. A jury's conclusion that a single conspiracy existed should not be disturbed so long as it is supported by the evidence, and a material variance will exist only if there is no evidentiary foundation for the jury's finding of a single conspiracy. *Id.*

Here, we apply plain error review because Johnson did not argue at trial that the evidence varied materially and prejudicially from the conspiracy charged in the superseding indictment. Viewing the evidence in the light most favorable to the government, the evidence was sufficient to permit the jury to conclude that Johnson conspired to possess with the intent to distribute and manufacture methamphetamine as alleged in the superseding indictment. Further, Johnson was on fair notice of the scope of the alleged conspiracy and the charges against him. Accordingly, Johnson's conspiracy conviction does not warrant reversal. *See id.*

4

II.

A constructive amendment occurs "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Dennis*, 237 F.3d 1295, 1299 (11th Cir. 2001). Unlike a variance, a constructive amendment to an indictment constitutes per se reversable error. *Flynt*, 15 F.3d at 1005. However, we need not address whether a constructive amendment amounts to a per se reversible error when the defendant fails to object at trial in cases where, even if we assume that the district court erred, the error was not plain. *Dortch*, 696 F.3d at 1112. Moreover, we will not reverse a conviction unless we find that "the issues of law were presented inaccurately, the [jury] charge included crimes not contained in the indictment, or the charge improperly guided the jury in such a substantial way as to violate due process." *United States v. Weissman*, 899 F.2d 1111, 1114 (11th Cir. 1999). We have stated:

> When the instructions, taken together, accurately express the law applicable to the case without confusing or prejudicing the jury, there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or otherwise subject to criticism. An erroneous instruction does not require reversal unless the reviewing court is left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations.

*Id.* at 1114 n.1.

5

A jury instruction that allows the jury to consider an element of the offense not listed in the indictment is an impermissible, constructive amendment of the indictment. *See Stirone v. United States*, 361 U.S. 212, 218–19 (1960). In determining whether an indictment was constructively amended, we look at whether the prosecutor's actions or the court's instructions, "viewed in context," literally or effectively expanded the indictment. *United States v. Behety*, 32 F.3d 503, 508–09 (11th Cir. 1994). In doing so, we are concerned with the danger that a "defendant may have been convicted on a ground not alleged by the grand jury's indictment." *Id.* at 509. Slightly different wording in a jury instruction does not amount to constructive amendment where it correctly states the law and tracks the pattern instructions. *See United States v. Elbeblawy*, 899 F.3d 925, 939 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1322 (2019).

It is unlawful for a person to manufacture, distribute, or possess with intent to do the same, a controlled substance. 21 U.S.C. § 841(a)(1). A person who violates that subsection will receive a mandatory minimum term of 10 years' imprisonment if the violation involved "50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers." *Id.* § 841(b)(1)(A)(viii). For controlled substance offenses, "[t]he nature of the controlled substance neither constitutes an element of the

6

offense nor broadens the bases for conviction, but is relevant only for sentencing purposes." *United States v. Rutherford*, 175 F.3d 899, 906 (11th Cir. 1999).

Under plain error review, the district court did not constructively amend the indictment through its jury instructions because, viewed in the context of the trial as a whole, the court's slightly different wording did not allow the jury to consider an element of the offense not contained in the indictment. *See Behety*, 32 F.3d at 508–09; *Elbeblawy*, 899 F.3d at 939. Accordingly, we affirm in this respect.

**AFFIRMED.**