[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13918
Non-Argument Calendar
_____

D.C. Docket No. 3:97-cr-00006-RV-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERWIN D. KNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 13, 2016)

Before JORDAN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Sherwin Knight appeals his 21-month sentence for revocation of supervised release.  On appeal, he argues that his sentence was procedurally unreasonable because the district court considered marijuana possession allegations not proven by a preponderance of the evidence and because he did not receive adequate notice in the petition for revocation of his fleeing or eluding charge.  He also argues that his sentence is substantively unreasonable.

## I.

We review factual findings made at supervised release hearings for clear error.  *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993).  Pursuant to 18 U.S.C. § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering specific factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3583(e)(3).

The government is not required to prove beyond a reasonable doubt that the defendant committed the alleged crime.  *See United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006).  The standard of proof at a revocation of supervised release hearing is a preponderance of the evidence.  *Id.*  The Sentencing Commission intended to avoid a situation where "[t]he potential unavailability of information and witnesses necessary for a determination of specific offense

2

characteristics or other guideline adjustments could create questions about the accuracy of factual findings concerning the existence of those factors." U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). Therefore, "the grade of the violation does not depend upon the conduct that is the subject of criminal charges . . . . Rather, the grade of the violation is to be based on the defendant's actual conduct." U.S.S.G. § 7B1.1, comment. (n.1).

The court's finding was not clearly erroneous. The testimony presented by Kelly indicated that significant amounts of marijuana were in the vehicle and the bag containing the drugs smelled strongly. Further, Knight appeared nervous and fled. This evidence, under a preponderance of the evidence standard, was sufficient for the district court to conclude that Knight had knowledge of the marijuana.

Moreover, although Knight repeatedly requested that the court only consider the fleeing or eluding and resisting arrest violations, the court was not required to do this. The determination of the appropriate sentence is not based on the specific charges, but rather, the totality of the defendant's conduct. *See* U.S.S.G. § 7B1.1, comment. (n.1). Thus, the district court was free to consider the marijuana allegations. Therefore, the district court's sentence was procedurally reasonable in this respect, and we affirm.

3

II.

We review objections to the procedural unreasonableness of a sentence for plain error when not objected to at sentencing. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). We do not, however, review invited error. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). Invited error exists when a party's statements or actions induce the district court into making an error. *Id.* We have applied the doctrine of invited error where a party affirmatively requested or specifically agreed with the challenged action of the district court. See, e.*g.*, *United States v. Jernigan*, 341 F.3d 1273, 1289-90 (11th Cir. 2003) (concluding that the defendant invited error by affirmatively stipulating to admission of the evidence challenged on appeal). Merely failing to object to the district court's action is not sufficient to trigger the invited error doctrine. *United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012).

Knight invited any error by admitting to fleeing or eluding, specifically asking the court to sentence him on the violation, and not objecting to inadequate notice. Because Knight requested the court take an action that he now claims was error, we will not hear the issue on appeal.

4

III.

We review a district court's sentence for reasonableness under an abuse of discretion standard.  *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (applying the same reasonableness standard to a revocation hearing). Substantive reasonableness also involves examining whether a sentence meets the goals of § 3553(a).  *United States v. Saac*, 632 F.3d 1203, 1214 (11th Cir. 2011). The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  However, while we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2009).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3583(e); *see also* 18 U.S.C. § 3553(a)(2).  In imposing a sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy

statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Knight does not demonstrate that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors. The court expressed concern regarding Knight's criminal history and the circumstances of his arrest. Knight's original sentence was for a significant controlled substance offense, and the violation that supported the revocation of his release involved marijuana. Considering Knight's criminal history, the district court did not abuse its discretion by sentencing him within the applicable guideline range. *See* 18 U.S.C. § 3553(a)(2). Moreover, the district court's sentence of 21 months represents the low end of the applicable guideline range of 21 to 27 months, and we would ordinarily expect such a sentence to be reasonable. *See Hunt*, 526 F.3d at 746. Thus, the sentence was substantively reasonable, and we affirm.

**AFFIRMED.**

6