[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11677
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cr-00135-KD-N-16

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAKASHA STEVENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 11, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Takasha Stevenson appeals her conviction for conspiracy to commit money

laundering pursuant to 18 U.S.C. § 1956(h) (2012).  Stevenson argues that there

was insufficient evidence supporting her conviction.  She also argues that the district court's jury instructions regarding the definitions of money laundering were plainly erroneous.

I.

In a ruling on a motion for judgment of acquittal, we must determine "whether there is substantial evidence from which a jury could reasonable find the defendant[] guilty beyond a reasonable doubt." *United States v. Gregory*, 730 F.2d 692, 706 (11th Cir. 1984).  We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and making all reasonable inferences and credibility choices in the government's favor.  *United States v. Edouard*, 485 F.3d 1324, 1349 (11th Cir. 2007).

"The jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict." *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006).  A defendant who chooses to testify runs the risk that the jury, if it does not find the testimony credible, might conclude that its opposite is true.  *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).  The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must accept all reasonable inferences and credibility determinations made by the jury.  *United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006).

2

To obtain a conviction for conspiracy to launder money, the government must prove beyond a reasonable doubt that (1) two or more persons agreed to launder money and (2) the defendant, knowing the unlawful plan, voluntarily joined the conspiracy to launder money. *United States v. Martinelli*, 454 F.3d 1300, 1310 (11th Cir. 2006). The existence of an agreement may be proven by circumstantial evidence, including inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme. *United States v. Azmat*, 805 F.3d 1018, 1037 (11th Cir. 2015), *cert. denied*, — U.S. —,136 S. Ct. 2012 (2016). The government may establish knowledge of an illegal agreement by showing that the defendant knew the essential object of the conspiracy. *Id.* A central aspect of a money laundering conspiracy charge is that the defendant knew that the funds involved in the transactions represented the proceeds of unlawful activity. *See United States v. Awan*, 966 F.2d 1415, 1434 (11th Cir. 1992).

To obtain a conviction for the substantive offense of money laundering under 18 U.S.C. § 1956, the government must prove that (1) the defendant conducted or attempted to conduct a financial transaction; (2) the transaction involved the proceeds of an unlawful activity; (3) the defendant knew the proceeds were from some form of illegal activity; and (4) either (a) the defendant engaged in the financial transaction with the intent to promote the carrying on of a specified unlawful activity, or (b) the defendant engaged in the financial transaction

knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.  18 U.S.C. § 1956(a)(1)(A)(i), (B)(i).

Here, there was sufficient evidence from which the jury could reasonably conclude that Stevenson knowingly and voluntarily joined a money laundering scheme.  Witnesses testified that Stevenson delivered drugs, stored drugs, stored the cash proceeds of drug sales, and wired money for drug payments.[1]  Stevenson testified that she knew of Wesley Tubbs' prior drug-related convictions.  The government produced evidence of cash transfers into Stevenson's account and expert testimony that the pattern of transfers and withdrawals was indicative of the movement of drug proceeds.  Additionally, Stevenson's own testimony that she did *not* know that the money transferred into her account was the proceeds of drug trafficking could support the jury's conclusion that she did know this.  *See Brown¸* 53 F.3d at 314.  There was also testimony that Stevenson asked Tubbs for money.  Drawing all inferences in favor of the government, the jury could conclude beyond a reasonable doubt that there existed an agreement to launder money — i.e. that Tubbs and his associates agreed to pay drug trafficking proceeds to Stevenson in

---

[1] Stevenson's argument that the trial judge mentioned at sentencing that she found all but one of the government's lay witnesses not to be credible is unavailing.  Credibility determinations are for the jury.  *See Thompson*, 473 F.3d at 1142.

4

order to assure her continued cooperation or to conceal their source — and that Stevenson knowingly and voluntarily joined that agreement.

## II.

Jury instructions that are challenged for the first time on appeal are reviewed for plain error. *United States v. Felts*, 579 F.3d 1341, 1343 (11th Cir. 2009) (per curiam).[2] Under the "plain error" standard, the defendant must demonstrate that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights. *Id.* at 344. For an error to be plain, it must be one that is obvious and clear under current law. *United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012). An error is not obvious and clear when no Supreme Court decision squarely supports the defendant's argument, "other circuits . . . are split" regarding the resolution of the argument, and we have never resolved the issue. *Id.*

"A district judge is vested with broad discretion in formulating a jury charge so long as the charge as a whole accurately reflects the law and the facts." *Felts*, 579 F.3d at 1344 n.1. A conviction will not be reversed on the basis of an improper jury charge unless "the issues of law were presented inaccurately, the charge included crimes not in the indictment, or the charge improperly guided the

---

[2] Stevenson relies on language taken from *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827 (1999), to assert that a jury instruction omitting an element of the offense is subject to "harmless error" review. This is incorrect. In *Neder*, the defendant had timely objected to the jury instruction. *See id.*, 527 U.S at 6, 119 S. Ct. at 1832. Where no objection is made to a jury instruction at trial, plain error review applies. *See Felts*, 579 F.3d at 1343.

jury in such a substantial way as to violate due process." *Id.* (quoting *United States v. Turner*, 871 F.2d 1574, 1578 (11th Cir. 1993) (citations omitted)).

When a party "induces or invites" the district court into making an error, the doctrine of invited error precludes the party from seeking review of that error on appeal. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (quoting *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998) (per curiam)). Merely failing to object to the jury instructions does not trigger the doctrine of invited error. *Dortch*, 696 F.3d at 1112.

Stevenson alleges three inadequacies in the jury instruction: First, the jury instructions did not further define the term "with the intent to promote the carrying on of specified lawful activity." Second, the jury instructions did not define "concealment." Third, the jury instructions did not define the term "proceeds."

The doctrine of invited error bars Stevenson from challenging the jury instructions on the basis of their failure to define "proceeds." A mere failure to object to a jury instruction does not trigger the doctrine. *See Dortch*, 696 F.3d at 1112. But when a defendant specifically agrees to a particular instruction, the doctrine of invited error applies. *See United States v. Fulford*, 267 F.3d 1241, 1247 (11th Cir. 2001) (holding that defendant was barred from challenging specific supplemental jury instruction when the defendant's counsel had stated "the instruction is acceptable to us"). Here, the trial judge explicitly asked Stevenson's

6

counsel whether he wanted to include the very definition (of "proceeds") whose omission is now alleged to be error, and he declined.  Because Stevenson invited any error with regard to the omission of this definition, she cannot challenge it on appeal.[3]

The district court's omission of definitions of "concealment" and "with the intent to promote the carrying on of specified unlawful activity" was not plain error.[4]  Assuming, for the sake of argument, that the omission was erroneous, Stevenson must show that the error was plain — that is, it is obvious and clear

---

[3] Even if the doctrine of invited error did not apply to bar Stevenson's challenge to the omission of a definition of "proceeds" from the jury instructions, Stevenson's challenge would fail because any error was not plain.  Stevenson argues that, in *United States v. Santos*, 553 U.S. 507, 128 S. Ct. 2020 (2008), the Supreme Court defined "proceeds" to mean *profits*, rather than receipts.  *Id.*, 553 U.S. 513, 128 S. Ct. 2025 (plurality opinion).  But the *Santos* holding is controlled by Justice Stevens' concurrence in the judgment, which limited the definition of proceeds to gambling operations, *see id.*, 553 U.S. 528, 128 S. Ct. 2033–34 (opinions of Stevens, J.), and strongly suggested that "proceeds" should mean revenues in cases involving sales of contraband.  *See id.*, 553 U.S.525–26, 128 S. Ct. 2031–32.  We have consistently read *Santos* as applying only to cases involving gambling operations.  *See United States v. Jennings*, 599 F.3d 1241, 1252 (11th Cir. 2010) ("The narrow holding in *Santos*, at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956.") (quoting *United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir. 2009)).  Further, we note that because Stevenson was charged with conspiracy to launder money rather than with the substantive offense, the government was not required to prove the actual nature of the money transferred.  Thus, the omission of a definition of "proceeds" did not constitute plain error.

[4] The government argues that Stevenson's challenges to the omission of these definitions are also barred by the doctrine of invited error.  This is incorrect.  Stevenson's counsel was asked if he had any objections to the jury instructions *in toto*, to which he responded in the negative (with one exception not relevant here).  This cannot be said to have induced the district court into making the errors that Stevenson now alleges.  Rather, Stevenson's statement that she had no objections to the jury instruction should be considered a failure to object.  *See Dortch*, 696 F.3d at 1112; *see also United States v. Fuentes*, 537 F. App'x 921, 926 (11th Cir. 2013) (unpub.) (rejecting argument that defendant invited error by failing to object when asked if parties were "satisfied with the reading of the instructions").

under current law. *See Dortch*, 696 F.3d at 1112. An error is not plain if no Supreme Court precedent squarely supports the defendant's argument, "other circuits . . . are split," and we have not resolved the issue. *See id.* Stevenson has cited no case to support her position that the omission of these definitions was erroneous, and we can find none. Accordingly, the omission does not constitute plain error.[5]

Stevenson invited any error with regard to the district court's omission of further definition of the term "proceeds" and any error involving omission of the other definitions was not plain error. We affirm.

AFFIRMED.

---

[5] The omission of the definitions, even if erroneous, does not meet the high bar of plain error. Stevenson provides little explanation of how further clarification of these terms would have affected the jury's verdict. The omitted definition of "with the intent to promote the carrying on of specified unlawful activity" reads "the Defendant must have [conducted] [attempted to conduct] the financial transaction for the purpose of making easier or helping to bring about the 'specified unlawful activity' as just defined." Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 74.1 (2016). The omitted definition — essentially, informing the jury that "intent" means "purpose" and "promote" means "make easier or help" — is similar to the language that the court included in the jury instruction and does not omit any element of the money laundering offense. The pattern jury instructions do not include further definition of "concealment," and Stevenson does not suggest an alternative formulation. *See id.* 74.2. Regardless, we are satisfied that the failure to further define this term did not amount to plain error. The omission of the definitions of "concealment" and "intent to promote" was not plain error.