[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10455
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20040-FAM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN CROWE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 11, 2017)

Before ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

John Crowe was indicted on charges of health care fraud and conspiracy to commit health care and wire fraud in connection with a scheme to defraud Medicare and Medicaid. *See* 18 U.S.C. §§ 1343, 1347 & 1349. He pled guilty to the conspiracy offense under a written plea agreement, and the government dismissed the remaining counts.

Crowe's presentence investigation report ("PSR") calculated an advisory guideline sentencing range of 41 to 51 months of imprisonment. At sentencing, however, the district court denied Crowe a reduction for acceptance of responsibility, which had the effect of increasing his guideline range to 57 to 71 months. The court then varied upward from that newly calculated guideline range and sentenced Crowe to 84 months of imprisonment. On appeal, Crowe does not challenge the substance of these decisions. Instead, he contends that resentencing is warranted because the district court procedurally erred by sentencing him above the guideline range without prior notice.

Where the defendant at sentencing fails to object to a procedural error, such as the lack of notice of an upward departure, we generally review for plain error only. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under plain-error review, we may not correct an error unless it is obvious and clear under existing law. *United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012). We review for plain error because Crowe did not specifically object to the court's

failure to give notice before going above the guideline range, but, regardless, no error, plain or otherwise, occurred.

Crowe maintains that the district court was required to provide advance notice of its intent to sentence him above the guideline range.  He relies on Rule 32(h) of the Federal Rules of Criminal Procedure, which states, "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure."  Crowe's argument, however, ignores the critical difference between a "departure" and a "variance."

Rule 32(h) was promulgated in response to the Supreme Court's decision in *Burns v. United States*, 501 U.S. 129 (1991), which held that a court could depart from the then-mandatory guidelines only if the defendant received notice of any contemplated departure.  *Irizarry v. United States*, 553 U.S. 708, 709 (2008).  After the Court invalidated the mandatory features of the guidelines in *United States v. Booker*, 543 U.S. 220 (2005), allowing district courts to exercise their discretion to impose a sentence outside the guideline range based on the sentencing factors in 18 U.S.C. § 3553(a), a circuit split arose on the question of whether Rule 32(h) also applied to variances from the guideline range under *Booker*.  *See Irizarry*, 556 U.S. at 713 & n.1.

3

In *Irizarry*, the Supreme Court resolved the circuit split and held that Rule 32(h)'s notice requirements did not apply to a sentence set outside the advisory guideline range based not on a guideline provision but on the sentencing factors under 18 U.S.C. § 3553(a).  *Id.* at 713–16.  The Court explained that the reasons for its holding in *Burns* "did not survive" *Booker*.  *Id.* at 713.  In an advisory guideline system, "neither the Government nor the defendant may place the same degree of reliance on the type of 'expectancy' that gave rise to a special need for notice in *Burns*."  *Id.* at 713–14.  Nor does Rule 32(h) "apply to 18 U.S.C. § 3553 variances by its terms."  *Id.* at 714.  Rather, the rule applies to a "departure," which is "a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines."  *Id.*  Accordingly, a district court is not required to give notice before varying from the guideline range based on the § 3553(a) factors.  *See id.* at 714–15.

So, at bottom, this case comes down to whether Crowe's sentence outside the guideline range was the result of a departure or a variance.  If the court applied a departure, Crowe was entitled to notice under Rule 32(h).  But if the court applied a variance, no notice was required, even if "[s]ound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues."  *Id.* at 716.

4

To determine whether the district court applied a departure or a variance, "we consider whether the district court cited to a specific guideline departure provision and if the court's rationale was based on its determination that the Guidelines were inadequate." *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009). In *Kapordelis*, we held that the court imposed a variance rather than a departure where the court did not cite a specific departure provision in the guidelines, and it based its rationale on "the § 3553(a) factors and its finding that the Guidelines were inadequate." *Id.*

Here, regardless of the standard of review, the district court did not err in sentencing Crowe above the guideline range without giving him prior notice because the court applied an upward variance rather than a departure. As in *Kapordelis*, the court did not cite a specific departure provision, and it based its rationale on the § 3553(a) factors and its findings that the guideline range was inadequate. *See id.* Indeed, the court expressly described its decision as an "upward variance," and it explained that the variance was justified "by the defendant's actions, the nature of the offense, the characteristics of the defendant[,] and the fact that his prior record for distribution of cocaine has not been considered in the criminal history category." Accordingly, the district court was not required to provide Crowe with advance notice before sentencing him outside the guideline range. We therefore affirm his sentence.

**AFFIRMED.**