[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10995
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cr-80114-UU-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL WILLIAM JECZALIK,
a.k.a. Michael Jeczalik,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 23, 2019)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Michael Jeczalik appeals his 24-month, above-guideline sentence, imposed on the revocation of his supervised release.  Jeczalik argues that the district court plainly and procedurally erred by relying on his need for drug-addiction treatment when imposing a substantial upward variance from the recommended guideline range, and that the error affected his substantial rights.  Specifically, Jeczalik contends that the court committed the same error as the district court in *Tapia v. United States*, 564 U.S. 319 (2011), by impermissibly lengthening his sentence to allow him to participate in the Residential Drug Abuse Program.  We agree.  Accordingly, we vacate and remand for resentencing.

## I

Although this Court ordinarily reviews a sentence imposed on revocation of supervised release for reasonableness, when—as here—the defendant didn't object below to a procedural sentencing error, we review only for plain error.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

Under plain error review, this Court, at its discretion, can correct a forfeited error where the defendant demonstrates (1) that an error occurred, (2) that the error was plain, (3) that the error affects substantial rights, and (4) that "the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018) (citation omitted).  As relevant here, plain, prejudicial, procedural sentencing

errors will ordinarily warrant correction.  *Id.* at 1907 ("A plain Guidelines error that affects a defendant's substantial rights is precisely the type of error that ordinarily warrants relief under Rule 52(b).").

## II

In *Tapia v. United States*, the Supreme Court held that the Sentencing Reform Act precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation.  564 U.S. 319, 321 (2011) (citing 18 U.S.C. § 3582(a), which instructs courts to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation").  In explaining its reasons for the prison sentence, the *Tapia* district court had "referred several times to Tapia's need for drug treatment, citing in particular the Bureau of Prison's Residential Drug Abuse Program."  *Id.* at 321–22.  Moreover, the district court had expressly "indicated that Tapia should serve a prison term long enough to qualify for and complete [RDAP]" because that was the correctional treatment it thought necessary.  *Id.* at 322.

Here, the district court relied even more explicitly on the need for rehabilitation in setting the duration of Jeczalik's imprisonment than the district court did in *Tapia*.  The district court gave Jeczalik "a sentence above the guideline range . . . mainly for the purpose of getting him into the RDAP program."  The court further told Jeczalik that "the only way we can get you into RDAP . . . is by

3

imposing the 24-month sentence." And just like the district court in *Tapia*, the court "strongly recommend[ed] RDAP."

Because this Court has "applied *Tapia* to hold that a district court errs whenever it *considers* rehabilitation when imposing or lengthening a sentence of imprisonment," *United States v. Alberts*, 859 F.3d 979, 985–86 (11th Cir. 2017) (quotation marks and citation omitted), it's clear that the district court here committed plain *Tapia* error that affected Jeczalik's substantial rights. In fact, the government concedes the first three prongs of the plain-error test.

The government resists the conclusion that the district's court plain-error warrants correction only on the ground that the error did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles*, 138 S. Ct. at 1905. In so doing, the government relies heavily on the idea that the sentence "compassionately ordered" by the district court was for Jeczalik's own good. This argument fails, as it is squarely foreclosed by both the Sentencing Reform Act and *Tapia*. 18 U.S.C. § 3582(a) ("[I]mprisonment is not an appropriate means of promoting correction and rehabilitation."); *Tapia*, 564 U.S. at 330 ("Do not think about prison as a way to rehabilitate an offender.").

As an alternative to plain-error review, the government asserts that Jeczalik's claim of procedural error has been waived under the doctrines of invited error and judicial estoppel. Neither doctrine applies here. Merely failing to object

to the district court's action is not sufficient to trigger the invited-error doctrine. *United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012). Moreover, Jeczalik's request to be ordered into mandatory inpatient treatment with electronic monitoring is not equivalent to inviting imprisonment. The government's argument to the contrary defies common sense. And the judicial-estoppel doctrine is inapplicable because Jeczalik's argument on appeal is not inconsistent with his position before the district court. *United States v. Campa*, 459 F.3d 1121, 1152 (11th Cir. 2006).

### III

In sum, the district court committed plain *Tapia* error that affected Jeczalik's substantial rights. Because that error implicates the fairness, integrity, and public reputation of the judicial proceedings, correcting this error is an appropriate exercise of our discretion. Accordingly, we vacate Jeczalik's sentence and remand for resentencing.

**VACATED AND REMANDED.**