[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10258
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00148-PGB-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES FERNANDO CABEZAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 5, 2019)

Before MARCUS, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Andres Fernando Cabezas, proceeding *pro se*, appeals his conviction, the denial of his motion to withdraw his guilty plea, and his 151-month prison sentence imposed for receiving child pornography. On appeal, Cabezas first argues that the district court abused its discretion in denying his motion to withdraw his guilty plea because (1) his plea was not knowing and voluntary; (2) the factual proffer supporting his plea was false and insufficient; (3) the district court erred in failing to wait 14 days to adopt the magistrate judge's Report and Recommendation; and (4) he asserted a verifiable actual-innocence claim, and the district court failed to grant him an evidentiary hearing to prove it. Second, Cabezas argues that his conviction is void because either (1) his guilty plea lacked a factual basis or (2) the district court plainly erred in failing to *sua sponte* find that 18 U.S.C. § 2252A is void for vagueness. Third, Cabezas argues that his sentence should be vacated because the district court left several disputed facts unaddressed at sentencing.

# I

We review for abuse of discretion a district court's denial of a defendant's motion to withdraw his guilty plea. *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003). A district court may permit a defendant to withdraw his guilty plea before sentencing for "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has shown a fair and just reason, a court

should "evaluate[] the totality of the circumstances, including '(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.'" *Freixas*, 332 F.3d at 1318 (quoting *United States v. Najjar*, 283 F.3d 1306, 1309 (11th Cir. 2002)).  Once the district court determines that the defendant received close assistance of counsel and entered a knowing and voluntary plea, the third and fourth factors are not given considerable weight.  *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

## A

Under Federal Rule of Criminal Procedure 11, the district court must "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the nature of the charge to which the plea is offered and the potential consequences of that plea."  *United States v. Lewis*, 115 F.3d 1531, 1535 (11th Cir. 1997) (internal quotation marks and citation omitted).  To determine whether a guilty plea is knowing and voluntary, a court must comply with the "three core principles" of Rule 11 by ensuring that "(1) the guilty plea [is] free from coercion; (2) the defendant . . . understand[s] the nature of the charges; and (3) the defendant . . . know[s] and understand[s] the consequences of his guilty plea."  *United States v. Jones*, 143 F.3d 1417, 1418–19 (11th Cir.

3

1998) (quotation omitted).  On direct appeal, we strongly presume that the defendant's statements at the plea colloquy were truthful, including his admission of guilt and his representation that he understood the consequences of his plea.  *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Here, the district court did not abuse its discretion in denying Cabezas's motion to withdraw.  The first *Freixas* factor did not favor allowing Cabezas to withdraw his plea because he enjoyed the close assistance of counsel before and during his plea colloquy.  *Freixas*, 332 F.3d at 1318.  As to the second *Freixas* factor, Cabezas's guilty plea was knowing and voluntary based on his sworn statements at the Rule 11 hearing, which we strongly presume were truthful.  *See id.*; *Medlock*, 12 F.3d at 187.  As a result, we need not "give particular attention" to the other two *Freixas* factors.  *See Gonzalez-Mercado*, 808 F.2d at 801.

## B

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."  Fed. R. Crim. P. 11(b)(3).  Rule 11 requires a showing of "a factual basis for each essential element of the crime."  *United States v. Montoya-Camacho*, 644 F.2d 480, 485 (5th Cir. Unit A May 1981).  Normally, in reviewing whether the plea agreement has a sufficient factual basis, we will determine "whether the district court was presented with evidence from which it could reasonably find that the defendant was guilty."  *United States v.*

4

*Puentes-Hurtado*, 794 F.3d 1278, 1287 (11th Cir. 2015) (alteration omitted) (quotation omitted).  But, as explained below, we review this issue only for plain error here.

When the district court refers a dispositive matter to a magistrate judge, a party has 14 days to submit written objections after being served with a copy of the Report and Recommendation.  Fed. R. Crim. P. 59(b)(2).  "Failure to object in accordance with this rule waives a party's right to review."  *Id.*  If a defendant pleads guilty before a magistrate judge and fails to object to his recommendation that the plea be accepted, the defendant waives any "argument that the district court should not have accepted his guilty plea."  *See United States v. Garcia-Sandobal*, 703 F.3d 1278, 1282 (11th Cir. 2013); *see also* Fed. R. Crim. P. 59(b)(2).  Still, we "may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  Because Cabezas made no objection to the factual basis of his guilty plea before either the magistrate judge or district court, his challenge to the factual basis of his guilty plea merits at most plain error review.  *See United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir. 2007).

Here, the factual basis for the plea of guilty was more than sufficient. Cabezas admitted in open court that the stipulated statement of facts detailing his receipt and viewing of child pornography was correct.  By itself, this admission provides a sufficient factual basis because the stipulated facts satisfy all the

5

elements of the charged offense.  *See Puentes-Hurtado*, 794 F.3d at 1287.

Refusing to allow Cabezas to withdraw his plea on grounds that its factual basis

was deficient was therefore not an error, much less plain error.  *See Garcia-*

*Sandobal*, 703 F.3d at 1282; 11th Cir. R. 3-1.

## C

In criminal proceedings, objections or arguments that are not raised before

the district court are also reviewed for plain error.  *See, e.g.*, *Evans*, 478 F.3d at

1338.  "[T]here can be no plain error where there is no precedent from the

Supreme Court or this Court directly resolving an issue."  *United States v. Cavallo*,

790 F.3d 1202, 1234 (11th Cir. 2015) (alteration omitted).  Furthermore, if a party

affirmatively "induces or invites the district court into making an error," we are

entirely "precluded from reviewing that error on appeal."  *United States v.*

*Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (quotations omitted).  "[F]ailing to

object"—in and of itself—"does not trigger the doctrine of invited error," but

unambiguously agreeing with a course of action proposed by the court does.  *See*

*United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012).

Here, any possible error that the district court made in failing to wait the full

14 days to accept the Report and Recommendation was likely invited by Cabezas

when he filed a notice of non-objection.  *See Brannan*, 562 F.3d at 1306; *Dortch*,

696 F.3d at 1112.  Even if reviewed for plain error, however, Cabezas's argument

fails.  Neither this Court nor the Supreme Court has ever required that a district court wait the full 14 days to adopt a Report and Recommendation when both sides have given non-objection notices, so the district court did not plainly err by failing to wait.  *See Cavallo*, 790 F.3d at 1234 (holding that because there was "no controlling precedent resolving [the defendant's] present claim," any error with respect to that issue would not be plain).

Cabezas's argument here, however, suffers from an even more profound defect.  Even were this Court inclined to hold that the 14-day period for objections cannot be waived and that a Report and Recommendation cannot be effectively adopted until that time elapses, Cabezas did not even attempt to withdraw his plea within the 14 days.  He first moved to withdraw his plea nearly two *months* after the magistrate judge issued the Report and Recommendation.  As a result, even assuming that the district court's adoption of the Report and Recommendation was legally ineffective at first because the time for objections had not yet elapsed, the adoption became effective at the end of 14 days—long before Cabezas attempted to withdraw his plea.  Consequently, Cabezas lost the right to withdraw his plea "for any reason or no reason" and was required to "show a fair and just reason" for withdrawal.  Fed. R. Crim. P. 11(d)(1), (d)(2)(B).  As already noted, he failed to make that showing.

7

**D**

"A mere declaration of innocence does not entitle a defendant to withdraw his guilty plea." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988). Further, where a magistrate judge conducts an extensive plea colloquy, the district court does not abuse its discretion in refusing to hold an evidentiary hearing on a defendant's motion to withdraw his guilty plea. *See United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).

Cabezas has failed to demonstrate that he was entitled to withdraw his guilty plea based on his actual innocence. He does little more than assert his innocence, which is insufficient by itself. *See Buckles*, 843 F.2d at 472. To his bald assertions, Cabezas adds only the claim that his confiscated phone contains no child pornography. But that fact, even if proved, is not meaningfully exculpatory at this point. The record already contains an admission by Cabezas's lawyer that Cabezas deleted the video after viewing it. The absence of pornography from the phone is thus entirely consistent with his guilt. Cabezas, then, has not offered any evidence of his actual innocence. And because the magistrate judge conducted an extensive Rule 11 hearing, the district court did not abuse its discretion in denying Cabezas an evidentiary hearing to shore up his flimsy argument. *See Brehm*, 442 F.3d at 1298.

## II

We review *de novo* "whether a criminal statute is unconstitutionally vague." *United States v. Wayerski*, 624 F.3d 1342, 1347 (11th Cir. 2010). A criminal statute is void for vagueness if it either (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct" is prohibited, or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." *Id.* (quotation omitted).

We have held that 18 U.S.C. § 2252A is not unconstitutionally vague. *United States v. Woods*, 684 F.3d 1045, 1059 (11th Cir. 2012). In *Woods*, we also held that the words "knowingly" and "receive" clearly conveyed that a person who intentionally viewed, acquired, or accepted child pornography from an outside source violated § 2252A. *Id.* at 1058. Under the well-established prior panel precedent rule, we are bound by a prior panel's holding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

As previously explained, the factual basis of Cabezas's plea was sufficient. To the extent that Cabezas argues that his plea is void for factual insufficiency, that argument fails for the reasons already given. Cabezas's contention that his plea is void because the statute under which he plead guilty is unconstitutionally vague

9

also fails.  We review Cabezas's vagueness challenge for plain error, as he failed to raise it before the district court.  *See, e.g.*, *Evans*, 478 F.3d at 1338.  Moreover, we have explicitly held that 18 U.S.C. § 2252A is not unconstitutionally vague.  *See Woods*, 684 F.3d at 1059.  We are bound by our holding in *Woods*.  *See Archer*, 531 F.3d at 1352.  Accordingly, the district court did not err, much less plainly err, in failing to *sua sponte* find that § 2252A was unconstitutionally vague.

### III

"We review the validity of a sentence appeal waiver *de novo*."  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence-appeal waiver will be enforced if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that "(1) the district court specifically questioned the defendant" about the waiver during the plea colloquy or (2) the record makes clear "that the defendant otherwise understood the full significance of the waiver."  *Id.*

A valid appeal waiver waives "the right to appeal difficult or debatable legal issues [and] blatant error."  *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).  In *Johnson*, we discussed the Eighth Circuit's application of a "miscarriage of justice" exception to sentence-appeal waivers, but we did not purport to adopt this exception.  541 F.3d at 1069 n.5.

Here, Cabezas's sentence-appeal waiver bars his argument regarding his sentence because the government has shown that the waiver was made knowingly and voluntarily. At the plea colloquy, the district court specifically questioned Cabezas about the waiver, and he acknowledged that he understood that his rights to appeal were limited to a few exceptions inapplicable here. *See Bushert*, 997 F.2d at 1351. To the extent that Cabezas argues that a miscarriage of justice would result from enforcement of his sentence appeal waiver, we have not adopted a "miscarriage of justice" exception. *See Johnson*, 541 F.3d at 1069 n.5. Cabezas's sentence-appeal waiver is therefore enforceable, and thus, we will not consider his arguments regarding his sentence. Accordingly, we dismiss his challenge to his sentence.

**AFFIRMED IN PART; DISMISSED IN PART.**