[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2010
JOHN P. LEY
ACTING CLERK

_____

No. 09-13162
Non-Argument Calendar
_____

D. C. Docket No. 95-03087-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH LEE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 12, 2010)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

In 1996, appellant pled guilty in the Northern District of Florida to three

offenses and was sentenced to prison for a total of 194 months and a supervised release term of 60 months. On September 29, 2006, he was released from custody and began serving his term of supervised release.[1] In 2008, while on supervised release, appellant was arrested by the Orange County, Florida Sheriff's Office and charged with possession of a firearm by a convicted felon and possession of drugs. Due to the arrest, the district court issued a warrant for appellant's arrest for violation of conditions of his supervised release and scheduled a revocation hearing.

Meanwhile, a Middle District of Florida grand jury indicted appellant in one count for possession by a convicted felon of firearms and ammunition in violation of 18 U.S.C. § § 922(g)(1), 924(a)(2) and (e)(1), and, as a consequence, the state offenses for which he had been arrested were dismissed. Appellant then moved the district court to continue his revocation hearing pending the resolution of the Middle District of Florida case. The court granted his motion. Appellant thereafter pled guilty to the Middle District of Florida indictment and was sentenced to prison for 180 months. The judgment provided that the term would "run concurrent with the violations in the Northern District of Florida." The court subsequently reduced the sentence to 100 months' imprisonment pursuant to the

---

[1] In 1997, the district court reduced appellant's prison term to 144 months due to his substantial assistance in the government's investigation and prosecution of others.

government's Federal Rule of Criminal Procedure 35(b) motion.

At his revocation hearing, appellant did not contest that he had violated conditions of his supervised release, and asked the district court to impose a sentence concurrent with the sentence he had received in the Middle District of Florida. The district court denied his request and sentenced him to a prison term of 60 months, to run consecutively to the 100 months' sentence imposed by the Middle District of Florida court.

Appellant now appeals his 60 months' sentence, raising three issues: (1) the sentence he received in the Middle District of Florida bound the district court to impose a concurrent sentence; (2) the district court's statements during the revocation hearing suggest that the court, in violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), treated U.S.S.G. § 7B1.3(f) as mandatory; and (3) the conflict the two judgments have created will confuse the Bureau of Prisons.

## I.

The first issue presented—whether one district court may require that a sentence it imposes run concurrently with a sentence yet to be imposed by a different federal district court—raises a pure question of law that we normally would review de novo. See United States v. McDaniel, 338 F.3d 1287, 1288 (11th

Cir. 2003); see also United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993).

The doctrine of invited error, however, applies "when a party induces or invites the

district court into making an error." United States v. Silvestri, 409 F.3d 1311,

1327 (11th Cir. 2005) (quotation omitted). Under that "cardinal rule of appellate

review," a party that invites an error may not later challenge that error on appeal.

Id. As a result, "[w]here invited error exists, it precludes a court from invoking the

plain error rule and reversing." Id. (quotation omitted).

In this case, not only did appellant fail to object to the district court's

imposition of a consecutive sentence, but his attorney agreed with the court that

U.S.S.G. § 7B1.3(f) directed the court to impose a consecutive sentence. In short,

the invited error doctrine precludes our consideration of the first issue appellant

raises.

## II.

A district court commits Booker error if it applies the Guidelines in a

mandatory fashion. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir.

2005); see also Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169

L.Ed.2d 445 (2007) (holding that a district court's treatment of the Guidelines as

mandatory renders a sentence procedurally unreasonable). While U.S.S.G.

§ 7B1.3(f) states that any term of imprisonment imposed upon revocation of

4

supervised release be made consecutive, the statement is not binding. See also

United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006) ("While the district

court is required to consider the policy statements [of Chapter 7], it is not bound by

them.").

Here, despite making some ambiguous statements early in the revocation

hearing, the district court explicitly clarified that it was not treating § 7B1.3(f) as

mandatory. As a result, appellant's second issue fails.

III.

In light of what we have said in disposing of appellant's first two

issues—that he will be serving his 60 months' sentence after completing his 100

months' sentence—the Bureau of Prisons should not be confused.

AFFIRMED.